*Hartford,*
June, 1818.

## NORTON *against* LEWIS.

Promissory notes within the statute regarding negotiable paper, are entitled to the same days of grace, as inland bills of exchange.

Where the indorser of a promissory note, shortly before it became payable, agreed with the holder, in consideration of time being given, that he would pay the note; it was held, that this was equivalent to proof of demand and notice, and satisfied the usual averments of demand and notice in the declaration.

The precise day of demand and notice it is not material to allege in the declaration; it being sufficient to make out the proper time in proof.

THIS was an action of *assumpsit*, brought against the defendant as indorser of a promissory note, stated to be made on the 1st of *January* 1814, at *Meriden*, by *Aaron Evarts*, by which he promised to pay *Theophilus Hall*, or order, one year after the date, 100 dollars. *Hall* indorsed the note to the defendant; and the defendant to the plaintiff. The declaration averred, that " when said note became due and payable, according to the tenor and effect thereof, to wit, on the 1st day of *January* 1815, at *Meriden* aforesaid, the payment of said note, so indorsed as aforesaid, was demanded;" that payment was refused; and that of such demand and refusal " the defendant, afterwards, to wit, on the 1st day of *January*, 1815, aforesaid, at *Meriden* aforesaid, had notice."

A special verdict was found containing these facts : The note in question was made and indorsed, in the manner stated in the declaration. The first day of *January*, 1815, was *Sunday.* On *Monday*, the plaintiff presented the note to the maker for payment; who neglected to make payment; and the defendant, on the same day, gave notice to the indorsers. On *Tuesday*, the note was again presented for payment; and notice of non-payment was again given to the indorsers. At this time, the defendant, in consideration that the plaintiff would wait till the expiration of the time of suing for the then next *March* term of the *New-Haven* county court, agreed to pay the note to the plaintiff; and the plaintiff did wait accordingly.

The case, thus made, was reserved for the consideration and advice of the nine Judges.

*Candee,* for the plaintiff, maintained the general proposition, that the defendant's promise to pay the note was a waiver of demand and notice. First, if the promise was made *after* the note fell due, it is clear, beyond a doubt, that it is a waiver. *Piersons* v. *Hooker*, 3 *Johns. Rep.* 68. *Lundie* v. *Robertson.* 7 *East* 231. Secondly, promissory notes, in this state, are not entitled to days of grace. Of course, the note had become payable at the time of the defendant's promise. Thirdly, if the note was entitled to grace, so as not to become payable until *Wednesday*, still the defendant's promise

on *Tuesday* was a waiver. *Leffingwell & al.* v. *Pierpont,* 1 *Johns. Ca.* 99.

*E. Huntington,* for the defendant, contended, 1. That our late statute(*a*) making promissory notes negotiable, had subjected them, in all respects, to the " laws relating to inland bills of exchange ;" and that they were, of course, entitled to three days of grace. Such has been the invariable construction of a similar statute(*b*) in *England. Brown* v. *Harraden,* 4 *Term Rep.* 148. The expressions of our late statute are similar to the provisions in the charters of our banks relating to notes indorsed to them. No one ever doubted that such notes are entitled to grace.

2. If this note was entitled to grace, it had not become payable when the promise claimed from the defendant was made ; and it would be going quite too far, to hold, that such a promise should operate *prospectively,* so as to cure any *future* negligence that the holder might be guilty of. It would be more reasonable, as well as more agreeable to the analogies of law, to say, that the promise was made on a tacit condition, that the promisee should do, on his part, what the law required him to do.

3. The facts found do not support the declaration. The plaintiff states, that he made demand, and gave notice, on the 1st of *January.* The verdict finds, that the demand and notice were made and given, on the 2d and 3d. If the plaintiff meant to rely upon the verbal promise of the defendant, he should have declared upon it.

*Candee,* in reply, as to the last point, observed, that it is not necessary to state in the declaration the precise time of making demand, and giving notice. It is sufficient, if demand and notice, at the proper time, be shewn in proof. If we are right on the other points, we have shewn what is equivalent ; and have thereby satisfied the averments in our declaration.

SWIFT, Ch. J. When the statute made promissory notes assignable according to the custom of merchants, it communicated to them all the properties of negotiable instruments. As these are entitled to days of grace, it follows, of course,

(*q*) *October Session* 1811, *c.* 7. *Vol.* 2. *p.* 73.
(*b*) 3 & 4 *Ann. c.* 9.

*Hartford,*
*June, 1818.*

Norton
*v.*
Lewis.

that notes made assignable by statute, must be entitled to days of grace.

The declaration, in this case, is drawn in the same manner as if the note was not entitled to days of grace ; and it appears, from the facts found by the special verdict, that the plaintiff relies upon a waiver of the demand and notice. The defendant insists, that the plaintiff cannot recover, because he has not alleged demand and notice, on the days when they ought to have been made and given ; and that there has been no waiver, but a new promise, if any thing, on which the action ought to have been brought ; so that the verdict does not prove and support the declaration. In all cases where a party relies on a waiver of demand and notice, he may allege the demand and notice in the same manner as he would have done, if actually given ; and proof of the waiver is equivalent to the proof of demand and notice.

The precise day is not material to be alleged in the declaration, when demand is made, or notice given. It is sufficient for the plaintiff to prove demand and notice on the proper day.

The agreement found in the special verdict, is a waiver of demand and notice.

It did not extinguish the liability created by the indorsement, or constitute a new ground of action.

I am of opinion, that the plaintiff is entitled to recover.

HOSMER, J. I have no doubt that days of grace must be allowed on a negotiable, promissory note. It is unquestionable, that they are allowed on bills of exchange, both foreign and inland. By our late statute,(*a*) all promissory notes, to the amount of thirty-five dollars, or more, for the payment of money only, and made payable to order or bearer, are made assignable and negotiable, according to the custom of merchants, and the laws relating to inland bills of exchange. The *English* statute of the 3d and 4th of *Ann. c.* 9. on the same subject, though it has not identically the same expressions, yet they are of equivalent force. Under this law, promissory notes are held entitled to days of grace. *Brown* v. *Harraden,* 4 *Term Rep.* 148. A promissory note, negotiated by indorsement, is an inland bill of exchange ; and no reason can be assigned for making any difference between them.

(*a*) *October Session,* 1811. *c.* 7.

Notes indorsed at any of the banks, have always been considered as entitled to days of grace, by reason of an expression in their charters, precisely like the one in the act concerning promissory notes.

As to the promise made by the defendant, I am of opinion, it was a waiver of strict demand and notice. It falls within the reason of many cases which have been determined.

It was not necessary that the plaintiff should have founded his suit on the verbal promise, or even make mention of it in his declaration. The gist of his action is the same as if no promise had been made ; and the mode in which he has declared, relying on proof of an excuse for his omission to make demand or give notice, has too frequently been sanctioned, to remain questionable.

The plaintiff, in my opinion, is entitled to judgment.

The other Judges were of the same opinion.

Judgment to be entered for the plaintiff.