Chittenden,
*January*,
1841.

Farmers &
Mechanics
Bank
*v.*
Day.

FARMERS & MECHANICS BANK *v.* DAN DAY.

Parol evidence is admissible to show that, by certain marks or characters appended to the name of an indorsee of a bill, the word *cashier* was intended.

In a declaration, by the indorsee against the indorser, alleging a demand of payment and notice of non payment to such indorser, the plaintiff may give evidence that such demand and notice was waived by the indorser.

ASSUMPSIT, in two counts, against the defendant as indorser of a bill of exchange of the following tenor.

" $7,000.          Burlington, May 25, 1837.

" Ninety-five days after date, pay to the order of C. T.
" Catlin seven thousand dollars for value received and charge
" to the account of yours respectfully.

GUY CATLIN.

To J. M. CATLIN."

The bill was indorsed as follows:

C. T. Catlin.

Pay C. F. Warner, Cas., or order.

DAN DAY.

In the first count, the plaintiffs alleged a demand of payment of the acceptor, and notice of non payment to the indorsers. In the second count, the plaintiff averred that, the plaintiffs, on the first day of September, 1837, at the city of New York, were ready to present said bill to the acceptor for payment, of which the defendant then and there had notice, but the defendant then and there requested the plaintiffs not to present said bill to the acceptor and wholly discharged the plaintiffs from the presentment of said bill to the acceptor for payment, &c.

Plea, *non assumpsit.* Issue to the country.

On trial of the issue, the defendant contended that, on inspection of the bill and indorsement, it was indorsed directly to Warner, in his individual capacity, and not to him as cashier of the Farmers & Mechanics Bank. The plaintiff then offered to prove, by witnesses who were well acquainted with the hand writing of C. F. Warner, the cashier of the Farmers & Mechanics' Bank, that the indorsement on the back of the bill was in the hand writing of the cashier, and that, from their acquaintance with his hand writing and his

manner of abbreviating the word cashier, they believed the <span>Chittenden,</span> indorsement was filled payable to C. F. Warner, cashier, or <span>January, 1841.</span> order. To this evidence the plaintiff objected but the court overruled the objection and the testimony was given to the jury. The only evidence introduced to show either demand on the acceptor, or drawer, or any notice of non payment, to defendant, by either of them, or any waiver of demand and notice by the defendant, was a paper signed by the defendant of the following tenor.

"I hereby authorize Guy Catlin to make any arrange-
"ments he may think proper for the payment or security of
"any drafts he has made on John M. Catlin, of New York,
"and accepted by him, and on which I am indorser, and are
"now due to the Farmers & Mechanics Bank, and I waive
"all notices and demands of the same. Burlington, Sept. 1st
"1837.                                                    Dan Day."

It also appeared, by the testimony of Martin A. Seymour, the teller in the bank, that the bill was discounted by the bank, and there remained, at the date of the above instrument, and that there was to his knowledge, no other paper like that described therein, except this bill, in the bank and that the same was the property of the bank.

The above was all the evidence in the case. On this evidence the defendant insisted the plaintiff was not entitled to recover, on the ground that there was no evidence of a demand of payment and notice to the indorser, such as the law requires, and so requested the court to charge the jury. But the court refused so to charge the jury, and charged the jury, among other things, that if they believed the paper had reference to the draft in question, it was a waiver of any demand and notice, and was sufficient, without proof of any demand of payment and notice of the dishonor of the bill to the indorser.

The jury returned a verdict for the plaintiff.

To the decision of the court, in admitting the evidence, in refusing to charge as requested, and in the instructions given to the jury, the defendant excepted.

*J. Maeck*, argued for the defendant, and, in support of the exceptions, cited Chitty on Bills, 355, 374. Bayley on Bills, 281, 283. *Child v. Morse*, 6 N. H. R. 33. *Duryee*

Farmers & Mechanics Bank v. Day.

CHITTENDEN, v. *Dennison*, 5 Johns. R. 248. *Donaldson* v. *Means*, 4
January, Dallas, 109. *Tower* v. *Durrell*, 9 Mass. 332. *Miller* v.
1841. *Hackley*, 5 Johns. 375. *Farrington* v. *Brown*, 7 N. H. R.
Farmers & 271. 2 Stark. Ev. 274. *Lawrence* v. *Ralston*, 3 Bibb,
Mechanics 102. *Philips* v. *McCurdy*, 6 Munf. 487. *Lundie* v. *Ro-*
Bank *bertson*, 7 East, 231. *Gibbons* v. *Coggan*, 2 Camp. 188.
v. *Taylor* v. *Jones*, 2 Camp. 105. *Potter* v. *Rayworth*, 13
Day. East, 417. *Borradaile* v. *Lowe*, 4 Taunt. 93. *Garland*
v. *Salem Bank*, 9 Mass. 408.

*C. D. Kasson* argued for the plaintiff, and cited, *North-
ampton Bank* v. *Pepoon*, 11 Mass. 292. *Hartford Bank*
v. *Barry*, 17 Mass. 17. 2 Stark. Ev. 1033. *Taunton (&c.)
Turnpike Co.* v. *Whiting*, 10 Mass. 327. *Medway Cotton
Manufacturing Co.* v. *Adams*, 10 Mass. 360. *Proctor* v.
*Webber*, 1 D. Chip. R. 371. *Arlington* v. *Hinds*, 1 D.
Chip. R. 431. *Commercial Bank* v. *French*, 21 Pick. 490.
*Houghton* v. *Slack*, 10 Vt. R. 520.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—But two questions appear to arise in
this case.

1st. Whether the bill of exchange was indorsed to C. F.
Warner, as cashier of the bank, or to him in his individual
capacity, and this is distinct from the question whether the
bank, on such indorsement, could maintain an action in their
own name? This does not appear to have been questioned.

2d. Whether the plaintiffs are entitled to recover, on this
declaration, without proving a demand and notice?

Both questions were correctly decided by the county court.

If there was any uncertainty, on the face of the bill, whe-
ther the word *cashier* was appended to the name, or rather,
whether the figures and marks were intended for that word,
testimony was proper and necessary to establish that fact. In
the *fac similes* we have of the signatures of some distinguish-
ed men, it would be impossible to make out the name, ex-
cept by the testimony of those acquainted with such signatures.
This must, from the nature of the case, be a subject to be
established by parol testimony.

The second question was virtually decided in the case of
*Seeley* v. *Bisbee*, 2 Vt. R. 105. A person, for whose bene-
fit notice is to be given, may waive the notice. A promise to

CHITTENDEN,
*January,*
1841.

pay a bill, before it is payable, is equivalent to proof of demand and notice. It was decided, in the case of *Norton* v. *Lewis*, 2 Conn. 478, that, " when a party relies on a waiver of demand and notice, he may allege the demand and notice in the same manner he would have done if actually given, and proof of the waiver is equivalent to the proof of demand and notice. The cases of *Lundie* v. *Robertson*, 7 East 231, and *Gibbon* v. *Coggan*, 2 Camp. 188, are to the same effect, and we adopt the principle decided in those cases.

But further, there is a count in this declaration stating the waiver, in order to avoid any question of variance which might be presented.

It appears that the defendant expressly waived all demand and notice as to any bills drawn by Guy Catlin, in such terms as, unquestionably, comprised the draft in suit. The judgment of the county court is affirmed.