(Decided March 27th, 1861.)

WILLIAM T. WALTERS and CHARLES HARVEY, *vs.* JOHN H. MUNROE.

Where an endorser takes a deed of indemnity of all the maker's property, *before* the note falls due, notice of protest need not be given to bind him.

But such a deed executed after the note had fallen due, and not mentioning or referring to the note, does not dispense with proof of notice to the endorser.

Where an *endorser* admits he was fully indemnified "for all his liabilities" for the maker, such admission must be understood to refer to his *legal liabilities*, and cannot deprive him of his legal defence to a note based on want of notice of protest.

Where a party offers to the jury the *whole* of the evidence taken under a commission, he cannot afterwards object, on the ground of interest, to the competency of one of the witnesses, whose testimony was so taken.

APPEAL from the Circuit Court for Prince George's county.

*Action,* brought on the 31st of December 1857, by the appellants, as holders, against the appellee, as *endorser,* of a promissory note for $352.37, dated September 15th, 1857, at ninety days, drawn by George W. Harrison, in favor of the defendant, and purporting to be endorsed by him. The defendant pleaded that he did not promise, as alleged.

A commission was issued to Alexandria, Va., under which the same witnesses, including James M. Benton, were examined, and the same testimony taken, as in the case of *Whiteford vs. Munroe, ante* 135. Under the present commission, Harrison, the maker of the note sued on, was examined as a witness, and testified that he had been in the

habit of issuing paper or notes endorsed by Munroe, with his knowledge and consent, and that the note sued on was in the handwriting of witness, and signed by him, and that the name of Munroe was endorsed thereon by witness, with Munroe's full consent and knowledge, and that a record of the same was kept by said Munroe. The deed of trust from Harrison to Funsten, offered in evidence in this case, is the same as that stated in said case of *Whiteford vs. Munroe.*

At the trial, two exceptions were taken by the plaintiffs to the rulings of the court, (CRAIN, J.,) which are fully stated in the opinion of this court. The verdict and judgment were in favor of the defendant, and the plaintiffs appealed.

The cause was argued before LE GRAND, C. J., TUCK, BARTOL and GOLDSBOROUGH, J.

*C. C. Magruder* and *Thos. G. Pratt*, for the appellants:

1st. The plaintiffs' three prayers, which were rejected, should have been granted: 1st, because if the liability of Munroe, as endorser of the note sued on, is protected by the deed, there surely was no necessity to give him notice of protest; and 2nd, because if Munroe was *fully indemnified* as the endorser of the note, the indemnity dispensed with the necessity of notice of protest. *Bailey on Bills*, 241. *5 Mass.*, 170, *Bond vs. Farnam.* *7 Wend.*, 165, *Mechanics Bank vs. Griswold.* *6 Pick.*, 80, *Barker vs. Parker.* *2 Greenlf's Rep.*, 207, *Mead vs. Small.* *3 Md. Rep.*, 265, *Lewis vs. Kramer.* *9 G. & J.*, 31, *Duvall vs. Farmers Bank.*

2nd. Benton was an incompetent witness, for the same reason stated in our argument in the case of *Whiteford vs. Munroe, ante* 144.

*Thos. F. Bowie*, for the appellant:

1st. This suit is also against Munroe, as endorser, and it is admitted there was no notice of protest given him. The appellant relies upon the fact that the deed dispensed with protest and notice. It is a sufficient answer to say that this deed was made after the note sued on matured, and it is not pre-

tended that this note is any where mentioned or included in it.

2nd. Benton was a competent witness, or at least it was too late to make the objection, for the same reason as stated in argument in the case of *Whiteford vs. Munroe, ante* 146.

GOLDSBOROUGH, J., delivered the opinion of this court.

This was an action brought by the appellants against the appellee, in the circuit court for Prince George's county, to recover the amount of a promissory note for $352.97, signed by George W. Harrison, and endorsed by the appellee, payable ninety days after date, dated the 15th of September 1857, and passed to the appellants by Harrison.

The appellee pleaded that he did not promise as alleged, and issue was joined. At the instance of the parties, a commission to take testimony was issued to two commissioners in Alexandria, Va., who executed the commission and returned the same, with the testimony taken thereunder.

*1st Exception.* At the trial of this cause, the plaintiffs proved that they composed, at the date of the note sued on, and at the time of bringing this suit, and are now the persons composing the firm of William T. Walters & Co., and further offered in evidence the proof taken under the commission and the deed of trust mentioned therein, and proved that the appellee had admitted that he was fully indemnified for all the liabilities embraced in said deed; and then asked the court to give the following instructions:

"1st. If the jury believe, from the evidence, that the endorsement of the defendant on the note in suit was made by Harrison, with the consent and knowledge of Munroe, then that it is included in the deed of trust, and binds Munroe."

"2nd. That if the jury should further find, from the proof, that the said Harrison conveyed all his property, by said deed of trust, to indemnify Munroe, then that no protest or notice of non-payment was necessary to be given to Munroe to establish his liability."

"3rd. If the jury should further find that the defendant admitted that he was indemnified for all his liabilities for

Harrison, that such admission dispensed with the necessity of notice of demand, &c., to bind him as endorser."

"4th. If the jury should further believe, from the testimony, that the note in suit matured on the 17th of December 1857, and the deed of trust, in 1858, conveyed all the property of Harrison to indemnify Munroe, and that Munroe admitted that he was fully indemnified for all his liabilities embraced in said deed, then that the absence or want of notice is dispensed with."

"The court granted the first, but refused the plaintiffs' other prayers, and instructed the jury that if they should believe the facts upon which the plaintiffs' prayers are hypothecated, that the necessity of notice of demand is not waived or dispensed with by the evidence of the case." The plaintiffs excepted to this ruling.

*2nd Exception.* The plaintiffs having offered the evidence in the preceding exception, by agreement made a part of this, the defendant offered as a witness James M. Benton, one of the parties named in the deed of trust to Funsten. The plaintiffs objected to his competency as a witness, upon the ground that he is interested in *enlarging* the trust fund applicable to his own security, which would be lessened by having the judgment in this case paid from the trust fund. But the court overruled the plaintiffs' objection, and permitted the said witness to testify to the jury. The plaintiffs excepted. Upon the ruling and instruction of the court, the jury rendered a verdict for the defendant; and the verdict and judgment being against the plaintiffs, they appealed to this court.

We regard the ruling of the court below as correct in both of the exceptions in this case.

The three prayers of the appellants, which were rejected by the court, may be considered together. Where an endorser takes a deed of all the maker's property before the note falls due, notice need not be given to bind him; this has been frequently decided. The reason is obvious: if he has taken all his, the maker's, property, whether enough to pay the note or not, he is as fully indemnified as he could be by any steps he might use after notice of demand and non-payment.

In the cases referred to in argument, the deeds were made before the maturity of the note. See *Bond, et al., vs. Farnham,* 5 *Mass.,* 170. *Norton vs. Lewis,* 2 *Conn. Rep.,* 478. *Barton vs. Baker,* 1 *Sergt. & Rawle,* 334. 3 *Kent's Com.,* 113, *note b. Duvall vs. Farmers Bank,* 9 *G. & J.,* 47. *Bailey on Bills,* 2 *Am. Ed.,* 505, and the cases there cited. Here, however, the deed to Funsten was executed after the note had fallen due, and the question is, whether such a deed dispenses with proof of notice to the endorser? and we think a sufficient answer is, that this note is no where mentioned or referred to in the deed. But then it is said, if the defendant *admits he was fully indemnified,* that will excuse the want of notice. Whatever effect such an admission might have if made by a party with full knowledge of the facts which discharge him from liability on the note, it is unnecessary for us to decide. In this case the declaration of Munroe, relied on, is, "that he was fully indemnified for all his liabilities for Harrison," which must be understood to refer to his *legal liabilities,* and cannot be construed to deprive him of his legal defence in this case, based upon want of notice, without which he was not legally liable.

We think, therefore, the ruling of the circuit court, in the first exception, ought to be affirmed.

The court properly admitted the evidence of Benton, mentioned in the second exception. The appellants had given to the jury the whole of the evidence taken under the commission, including Benton's, and they could not afterwards object to his competency on the ground of interest.

*Judgment affirmed.*