Hollenback vs. Shoyer.

---

## HOLLENBACK VS. SHOYER.

Where a party seeks to rescind a contract on the ground of fraud, and he has received money or other property as consideration therefor in whole or in part, and his right to retain it depends entirely on the contract, he must as a condition of obtaining such relief, tender back the money or property so received.

Where a creditor seeks to rescind or set aside a settlement or satisfaction of a pre-existing indebtedness, on the ground of false and fraudulent representations of the other party, as to the character of part of the property received in part satisfaction of such debt, to the extent of the amount for which it was received; he is not bound as a condition of obtaining relief, to tender back the money paid or property received on such settlement or satisfaction, as to which no fraud or deception was practiced. The case of *Weed vs. Page*, 7 Wis., 503, explained and distinguished.

Where H. held a note and mortgage against S., and there was a dispute as to the amount due thereon, and he transferred to H., in part payment and settlement thereof, a note for $400 made by third parties, whom S. falsely and fraudulently represented to be solvent, and paid the balance of the mortgage in money, and H. discharged the mortgage on the faith of such representations; in an action to set aside the discharge of the mortgage to the extent of the amount of the note and interest thereon, *Held*, that H. was not bound as a condition of obtaining such relief, to tender back the money he had received.

In an equitable action to set aside or rescind a contract or other transaction on the ground of fraud, the omission of the plaintiff to aver a tender or readiness to return all that he had received under such contract or transaction, if not taken advantage of by demurrer or answer, is not fatal to the action.

APPEAL from the Circuit Court for *Milwaukee* County. Action to set aside the settlement and satisfaction of a mort-

gage on certain real estate, executed by the defendant to one McDonald, for the sum of $2,350 and interest, which had been assigned to the plaintiff. The complaint, after setting out the mortgage and note accompanying it, and the assignment thereof to the plaintiff, and that an action had been commenced thereon in the circuit court for Milwaukee county, by the plaintiff against the defendant and others, for its foreclosure, and that the same was still pending and undetermined; alleged that subsequent to the commencement of such action, it was agreed between the defendant and McDonald, the agent of the plaintiff acting for him, that the defendant should give to the plaintiff, in part payment of the amount due on the mortgage, a promissory note made by the firm of E. M. Shoyer & Co., for four hundred dollars, due in thirty days, and that the balance thereof should be paid in cash; that in negotiating said agreement the defendant was represented by one Totten, his agent, and that during such negotiation, Totten represented to the plaintiff's agent that said firm of E. M. Shoyer & Co. was responsible, and that their note would be promptly paid at maturity, and that relying on such representations and believing that they were true, the plaintiff, by his agent, McDonald, on the 8th day of April, 1861, consented to such arrangement and agreement, and then received the said note from E. M. Shoyer & Co., for $400 and interest, and the balance due on said note and mortgage was then paid to him in money, and thereupon he executed, acknowledged and delivered to the defendant, a satisfaction piece of said mortgage; that said representations were untrue ; that at and before the time of said settlement and the delivery of said note, the said firm of E. M. Shoyer & Co. were in fact insolvent, and had made a general assignment of all their property for the benefit of their creditors, as the defendant well knew at and before the time said settlement was made, and that said representations were made, and said arrangement concluded by said defendant, with the intent and design on his part of cheating and defraud-

ing the plaintiff out of said sum of four hundred dollars; that the said note of E. M. Shoyer & Co. was not paid at maturity, and that it is worthless, and the plaintiff had tendered the same to the defendant, and demanded of him a release and discharge of said satisfaction piece, and a return of the note and mortgage, with which demand the defendant refused to comply.

The answer of the defendant denied the making of the representations set out in the complaint, as to the solvency of E. M. Shoyer & Co. and the certainty of the note being paid at maturity, and denied that the defendant, or his agent Totten, knew that E. M. Shoyer & Co. were insolvent, or in embarrassed circumstances, or that they had made, or contemplated making an assignment, and alleged that the plaintiff's agent, in accepting the note, acted entirely upon his own judgment and information obtained from others. The defendant in his answer also alleged, that there was at the time of the settlement, a dispute between the parties as to the amount unpaid on the mortgage, and that by accepting the note, the plaintiff secured about $100 more than he could have recovered on his mortgage in the foreclosure suit. The defendant did not allege, as an objection in his answer, to the plaintiff obtaining the relief he sought, the omission of the plaintiff to tender back the money paid on the mortgage at the time of the settlement. At the trial, evidence was given by the plaintiff to support the complaint, and some evidence was given to show that at the time of the settlement there was a 'dispute between the parties as to the amount due for principal and interest on the mortgage. After the trial, the court found among other things, as facts proved, that the representations set out in the complaint were made, that they were then false, and that the defendant knew at that time that the note was comparatively worthless, and that E. M. Shoyer & Co. were insolvent; that the plaintiff had before bringing the action, tendered the note to the defendant, but did not tender him the money he had paid the plaintiff at the settlement, for the difference between the amount of the

note and the amount due on the note and mortgage, and that at the time of the settlement there was over $500 due on the mortgage, and because the plaintiff had not tendered back the money paid at the time of settlement, the court held that the plaintiff was not entitled to any relief, holding that he could not keep the money and rescind as to the note, for the reason that the contract of settlement was embraced in and constitut- an entire transaction.    The plaintiff's counsel excepted to the decision, and judgment was rendered against the plaintiff, dis- missing the complaint and for costs, from which the plaintiff appealed.

*Jenkins & Hickcox*, for appellant.

1. There is a wide difference between the case of *Weed vs. Page*, 7 Wis., 503, and the case at bar.    It is not necessary in this case that the court should annul the whole transaction. There was no question made as to the validity of the settle- ment by either party, except as to the $400, and the right to redress for the fraud in this respect, is as palpable as if the respondent had paid in forged bank notes, and the action is maintainable without a tender back, of that in respect to which there is no controversy.    *Jobling vs. Dooley*, 1 Yerg., 289; *Duvall vs. Ross*, 2 Munf., 290; 2 J. J. Marsh, 487 ; 3 Cranch, 270; 9 Cranch, 458; 1 Dana., 305 ; 2 Bibb, 412, 434 ; 1 Cow., 711.    The respondent in paying the money simply performed an act which the law would compel him to do.    The case of *Pierce vs. Wood*, 3 Foster, 53-4, is decisive of the plaintiff's right to maintain this action, and to the same effect are the cases of *Martin vs. Roberts*, 5 Cush., 126; *Young vs. Adams*, 6 Mass., 181 ; *Packford vs. Maxwell*, 6 Term, 52 ; 2 Pars. on Cont., 277; *Toby vs. McAllister*, 9 Wis., 463.

*Levi Hubbell* for respondent.

1. The plaintiff cannot repudiate the contract of settlement as to the note and retain it as to the money paid.    *Weed vs. Morris*, 7 Wis., 503 ; *Mason vs. Bovet*, 1 Denio, 69 ; *Baker vs. Robbins*, 2 Denio, 138; *Cooledge vs. Brigham*, 1 Met.,

550-1; *Clark vs. Baker*, 5 Met., 452; *Voorhies vs. Earl*, 2 Hill, 288; *Moyer vs. Shoemaker*, 5 Barb. S. C., 332; *Hunt vs. Siek*, 5 East., 449: *Chitty on Contracts*, 572, 578.

2. This is not the case of a payment of money *admitted* to be due. It was the settlement of a litigation, the payment of a *disputed* sum and the actual payment of a large part of it in consideration of the acceptance of a note for the balance.

3. The transaction of settlement was entire. It cannot be broken up as to the note and enforced as to the rest. It was void or valid as a whole. *Miner vs. Bradley*, 22 Pick., 457; *Voorhies vs. Kellogg*, 2 Hill, 288; *Hunt vs. Siek*, 5 East., 440; *Giles vs. Edwards*, 7 Term, 181. The plaintiff does not aver a readiness or a willingness to restore the money, and without an offer on his part to do equity, he cannot have equity. *Rogers vs. Rathburn*, 1 Johns. Ch., 366.

*By the Court,* DIXON, C. J. This case differs from *Weed vs. Page*, 7 Wis., 503, and others of the kind. There the vendor's right to the money received in part payment for the goods, depended wholly upon the contract of sale, the validity of which was questioned on the ground of fraud. Whether the sale should stand, or fall by reason of the fraud, was optional with the vendors; and if they chose the latter alternative, their right to the money went with the contract out of which it arose, and they must restore it to the purchaser. Their claim to the money ceased with the contract. But the condition of the present plaintiff is quite distinguishable. His right to the money received, did not depend solely upon the agreement to settle and discontinue the suit. He had a previous valid contract—a pre-existing indebtedness, to which the payment was applicable, and upon which it was in fact made. He may well insist that such application shall stand, notwithstanding he repudiates the residue of the transaction. The money was lawfully and equitably due to him, and honestly received; and it would be very remarkable were he obliged to return it in or-

der to recover what he lost by the deception as to the note. *Pierce vs. Wood,* 3 Foster, 519.

Nor are the plaintiff's rights affected by the circumstance that there was a dispute as to the amount of interest due upon the note and mortgage. Deduct the money paid, and there is still a balance due the plaintiff, according to the claim made by the defendant himself.

Besides, this being a suit in equity, and the defendant having gone to trial on the merits, without objection by answer or demurrer, the failure of the plaintiff to return the money, or to make the offer, would not seem under any circumstances to be fatal to the action. *Dunn vs. Amos,* 14 Wis., 106 ; *McCormick vs. Malin,* 5 Blackf., 533.

Judgment reversed, and cause remanded with directions that the court proceed to give judgment in accordance with this opinion.