## Hale vs. Danforth.

Promissory Note. *(1) When indorsements several. (2) When indorser's promise to pay excuses demand and protest.*

1. Indorsements by two or more persons may be joint, as where partnership or otherwise joint payees are the indorsers; and perhaps two or more persons not joint payees might qualify their indorsement so as to make their liability joint; but in other cases, where there are two indorsements in succession, they are several, and the rights and liabilities of the two indorsers are as defined in *Linn v. Horton*, 17 Wis., 152.

2. Where a note, on or a short time before the day of its maturity, is presented to an indorser, and the latter then promises that if the note is suffered to run he will pay it whenever payment is called for, an omission of protest and notice caused by such promise will not discharge the indorser.

APPEAL from the Circuit Court for *Outagamie* County.

Action against defendant as one of two indorsers of a promissory note. Payment of the note was not demanded at maturity; but, by way of excusing such demand, the complaint alleges a promise to pay the note made by the defendant before its maturity. All the facts alleged to excuse a demand and protest at maturity are denied by the answer.

There was a special verdict containing answers to twenty-three interrogatories, but no general verdict. So much of the special verdict as became important here, is recited in the

opinion. The defendant appealed from a judgment in favor of the plaintiff.

For the appellant, there was a brief by *Felker & Cleveland*, and oral argument by *Mr. Cleveland*. They contended that the averment of the complaint that the note was indorsed by the defendant *with* one Edwin Fowler, showed a *joint* indorsement; that in such a case notice must be given to *both* indorsers, in order to charge either *(Shepard v. Hawley*, 1 Conn., 367; *State Bank v. Slaughter,* 7 Blackf., 133; *Willis v. Green,* 5 Hill, 232; *Miser v. Trovinger's Ex'rs,* 7 Ohio St., 281); and that there was no evidence here that Edwin Fowler ever waived a demand of payment or notice of protest. They also argued that the court erred in its rulings upon evidence, and its instructions to the jury, and in rendering judgment on the special verdict before notice of the motion for judgment had been given to defendant.

*H. B. Jackson,* for the respondent.

ORTON, J. The note in question was given by one Finney to the plaintiff, and indorsed by one Fowler and the defendant. There can be no question but that the indorsements are several, and that the rights and liability of the two indorsers are as in *Linn and another v. Horton,* 17 Wis., 152.

Indorsements by two or more persons may be joint, as when partnership or otherwise joint payees are the indorsers, as in *Boyd v. Orton,* 16 Wis., 499, and as in the cases cited in the brief of the counsel of the appellant; and it may be that two or more indorsers might qualify their indorsement so as to be joint indorsers, and liable only as such; but the indorsements here are in the common form, following each other, and not as partners or as the payees of the note, and without qualification or restriction.

If, then, there was a waiver of notice of nonpayment or protest by the defendant as indorser, his liability to pay the note became absolute, and the plaintiff was entitled to re-

cover, and all other questions and exceptions are immaterial.

There were special issues of fact upon this question submitted to and found by the jury; and if, from the facts so found, the legal inference or conclusion of such waiver can properly be drawn, it follows that the judgment must be affirmed. The thirteenth and seventeenth findings of fact by the jury were as follows:

" Did the plaintiff, on the day and year the said note became due and payable, or within a short time before that day, present the said note to the defendant, and did the defendant then and there agree with the plaintiff, that if he, the plaintiff, would let the said note run, he, the defendant, would pay the same whenever the plaintiff called for the payment of the same?"    Answer: "Yes."

" Was the plaintiff induced not to have the note duly protested, and due notice of nonpayment given to the indorsers, including the defendant, by the acts and conduct of the defendant?"    Answer: "Yes."

In *Norton v. Lewis*, 2 Conn., 478, the special finding was: " The defendant, in consideration that the plaintiff would wait until the expiration of the time of suing for the then next March term of the New Haven county court, agreed to pay the note to the plaintiff, and the plaintiff did wait accordingly;" and it was held that such agreement was a waiver of demand and notice.    " If, by prior arrangement between parties " to a bill or note, " the necessity of notice has been expressly or impliedly dispensed with, as between these parties no notice need be given, and the want of it is entirely excused."    Story on Bills, § 317.    When an arrangement with the maker is entered into by an indorser, by which he is to take up the note, it is a sufficient waiver of notice of nonpayment.    *Marshall v. Mitchell*, 20 Ill., 221.    Any conduct on the part of the indorser calculated to induce, and inducing, the holder to omit serving him with a regular notice of nonpay-

ment, will have the effect to waive it. Edwards on Bills and Notes, 633. An offer on the part of the indorser to compromise by paying one-half of a bill of exchange, or to secure the payment of it, is sufficient to dispense with proof of notice of nonpayment. *Dixon and another v. Elliot*, 5 Car. & P., 437. These findings clearly come within these authorities. Time is given, and an unconditional promise to pay is made, and the plaintiff relies upon the arrangement, and omits protest by such inducement.

From the facts so found the legal conclusion of waiver of protest is inevitable; and the findings upon this question seem to be sustained by the evidence.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.