SHIRLEY *vs.* FELLOWS, WADSWORTH & CO.

1. In an action against the maker of a bill of exchange, an averment of notice of the demand of payment, and its refusal and protest, may be supported by evidence shewing a want of funds in the hands of the acceptors.

2. But where a bill is drawn by defendant, for the accommodation of the acceptors, within the knowledge of the payees,—the want of funds in the hands of the acceptors, belonging to the drawer, will not excuse the omission of notice of non-payment and protest.

Error to the Circuit court of Tuscaloosa.

Assumpsit, before *Chapman*, J.

This action is against Shirley, as the drawer of a bill of exchange, drawn on and accepted by Glaze & Haynes, in favor of Fellows, Read & Co., and by them endorsed to the plaintiffs in the suit. The declaration is in the usual form, averring presentment for payment, refusal, protest, and notice to the defendant. The bill of exceptions taken during the trial, discloses that the plaintiff introduced in evidence the bill of exchange on which the action is founded, also a certificate of a notary public, showing the protest of the bill for non-payment, but omitting to show that the defendant was notified in any manner, of the protest. The plaintiff then offered evidence to show a want of funds in the hands of the acceptors, as an excuse for the omission of notice to the defendant. To the introduction of this, the defendant objected, because the declaration averred notice, and did not aver the want of funds. The court overruled the objec-

tion, and admitted the evidence, which tended to show a want of funds of the drawer in the hands of the acceptors. The defendant then proved, that the bill sued on was executed to secure the payment for a stock of goods purchased by Glaze & Haynes, its acceptors, from the payees. The defendant requested the court to instruct the jury—

1. That the want of funds of the drawer of a bill of exchange, was no sufficient excuse in law, for an omission to give notice of demand and protest.

2. If the jury should believe the bill in suit was drawn by the defendant for the accommodation of the acceptors, within the knowledge of the payees, that in that event, the want of funds belonging to the drawer by the acceptors, would not excuse the omission of notice of non-payment and protest. These instructions were refused, and the court charged the jury, that proof of a want of funds, was sufficient to excuse notice of demand and protest in any case, whether the defendant was a mere accommodation party to the bill or not. To this charge, and refusal to charge, the defendant excepted, and now seeks to reverse the judgment of the Circuit court, on the questions of law arising out of the bill of exceptions.

*Crabb,* for plaintiff in error.
*Clark,* contra.

GOLDTHWAITE, J.—The declaration avers, that notice of the demand of payment of the bill, and its refusal, was given to the defendant, and the admission of evidence under this averment, to show a want of funds in

the hands of the acceptors, presents a question, which has never been directly decided by this court.

On the first view, it would seem to be against general principles, to permit a party to prove a fact different from the one in issue, for the purpose of establishing his liability, and it must be admitted, that some of the English cases deny the correctness of such a course—(Harris vs. Richardson, 4 Carr & P. 522; Cory vs. Scott, 3 B. & A. 619.) The direct question has not, however, received a decision, owing, probably, to the common practice of adding the money counts. In the courts of the United States, the precise question does not appear to have arose in any other case than Frazier vs. Harris, (2 Litt. 185,) in which the court decided, that the evidence could not be admitted. This decision, however, is adverse to the cur-- rent of the decisions on analagous questions; thus it has been decided, where the endorser of a note applied to a bank to get it discounted, and promised to attend to the renewal of it, and take care of it; and directed that a notice to the maker should be sent to his care, and such notice was sent accordingly; it was held, this was a waiver of a regular demand and notice, and could be given in evidence under the allegation of notice—(Taunton B'k vs. Richardson, 5 Pick. 436.) So, a promise to pay after protest, will be received as evidence of notice, and if made with a knowledge that no notice was given, the party cannot resist the demand for the want of notice— (Plate vs. McClure, 4 Rand. 164; Martin vs. Winslow, 2 Mason, 241; Thornton vs. Wynn, 12 Wheat. 183; Breed vs. Hillhouse, 7 Conn. R. 523; Barker vs. Parker, 6 Pick. 80.)

So, also, the fact that the maker had absconded, and could not be found, may be given in evidence under the allegation, that the note was presented, and payment refused—(Stewart vs. Eden, 2 Caine's R. 121; Williams vs. Matthews, 3 Cowan, 252.) These cases are sufficient to show, that these allegations are at present considered as the necessary and proper form in which the liability of a drawer or endorser is to be averred, while more latitude is allowed in the evidence, which will be admitted, if it establishes a case of legal liability against the defendant, in the character in which he is pursued. The remedy on the money counts is much broader than any which has been opened by relaxing the ancient rules of evidence, when applied to the averments of the declaration on bills or notes. But when the subject is examined, the admission of this evidence seems amply sustainable on principle. If one draws a bill, without having funds in the hands of the drawee, for a consideration passing to him, he is the real debtor in the transaction, and even after the acceptance of such a bill, his condition as the primary debtor still continues, although another party has intervened, on whom the law casts the character of being first liable to all the parties except the drawer. Under these circumstances, the law dispenses with notice, or assumes the drawer as chargable with it, because it would be most iniquitous for him to claim a discharge from an actual debt, when he has either substituted no liability on another, or that other, if he paid the debt, would possess the clear and undisputed right to again recover the amount from his drawer.

We do not consider that the Circuit court erred in admitting the evidence.

On the main question before the jury, as to the right of the defendant to notice, a doubt cannot be entertained. He was the drawer, not of an accommodation bill, in the usual sense of the term, but of a bill drawn for the accommodation of the acceptors, and stood in the relation of a surety, and was as much entitled to notice, as if he had furnished the acceptors of a bill drawn for his own use, with the funds to take it up. If the drawer, in this case, was not entitled to notice, it would be very difficult to conceive one in which it should be given. The cases of Cory vs. Scott, (3 B. & A. 619,) and Norton vs. Pickering, (8 B. & C. 610,) are identical in principle with this.

There is error in the refusal to give the second instruction asked by the defendant, and in the charge, as given.

Let the judgment be reversed, and the case remanded.