# Manning *v.* Maroney.

*Action on Bill of Exchange, by Indorsee against Drawer.*

1. *Error without injury, in sustaining demurrer to special plea.*—The sustaining of a demurrer to a special plea, if erroneous, is error without injury, when the same defense was equally available under the general issue, which was also pleaded.

2. *When sworn plea is necessary.*—In an action on a bill of exchange by an indorsee against the drawer, the indorsement to plaintiff, or his ownership, not being denied by plea verified by affidavit (Code, §§ 2676, 2770), the validity of the transfer can not be questioned, and the bill is admissible as evidence.

3. *Admissibility of bill as evidence; preliminary proof of demand, protest, and notice; mutilation by identifying marks.*—In an action on a bill of exchange, the bill is admissible as evidence without preliminary proof of demand, protest, and notice of dishonor, or a waiver thereof, these facts being matter of defense; and it is not rendered inadmissible as evidence on the ground of mutilation, because of identifying marks as an exhibit to a deposition, written by the commissioner.

4. *Instructions to drawee not to pay; secondary evidence of letter beyond jurisdiction of the court.*—In an action by an indorsee against the drawer of a bill of exchange, who pleads the failure to give him due notice of dishonor, a letter written by him to the drawees, instructing them not to pay the bill, is admissible as evidence; and the letter being addressed to the drawees at their place of business in another State, and therefore presumptively beyond the jurisdiction of the court, secondary evidence of its contents may be adduced by the plaintiff, without accounting for its non-production.

5. *Demand and notice; averment and proof of.*—It has been long settled as a rule of pleading and evidence, that facts which excuse demand and notice are, in law, deemed proof of such demand and notice; consequently, an averment of demand and notice is proved by evidence of facts showing a waiver thereof.

6. *Waiver of protest and notice of dishonor.*—If the drawer of a bill instructs the drawee not to pay it, this dispenses with the necessity of protest and notice of dishonor.

7. *Set-off against commercial paper.*—By express statutory provision

[Manning v. Maroney.]

(Code, § 2684), a bill of exchange, or other commercial paper, negotiated for value before maturity, is not subject to set-off.

8.  *Set-off of partnership and individual demands.*—In an action by an indorsee against the drawee of a bill of exchange, a demand due from the payee to a partnership of which the defendant is a member, if available as a set-off in any case, is not so available without proof that the other partners consented to such use of the claim, and that plaintiff had knowledge of their consent; and consent given at the trial can not relate back.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Frank M. Maroney, against William Manning, and was commenced on the 17th January, 1877. The action was founded on a bill of exchange for $90, drawn by the defendant on Hill, Fontaine & Co., Memphis, Tennessee, dated October 23d, 1886, and payable to the order of LaFayette Maroney, by whom it was indorsed to plaintiff. The complaint contained a special count on the bill, alleging that it was not paid or accepted on presentation and demand, the defendant having notified the drawees not to pay it; and the common counts were added. The court overruled a demurrer to the special count, and sustained a demurrer to the defendant's second plea, which averred that "said bill was not in any manner presented to the drawees for acceptance and payment by them, nor has said defendant, the drawer of said bill, ever received any legal, proper, and sufficient notice of the non-acceptance and non-payment thereof;" and issue was joined on the pleas of *non assumpsit* and set-off.

On the trial, as the bill of exceptions shows, when the plaintiff offered the bill in evidence, the defendant objected to its admission, (1) because it did not appear on its face to be the property of the plaintiff; (2) because it "has been defaced or mutilated," on account of words written on it by the commissioner who took the deposition of one of the drawees, identifying it as an exhibit; (3) because there was no proof that it ever had been presented to the drawees for acceptance or payment; (4) because there was no proof of notice to the defendant of the dishonor of the bill. The court overruled these several objections, and the defendant excepted. The plaintiff offered in evidence the deposition of N. Fontaine, one of the drawees of the bill, taken on interrogatories. The third interrogatory asked the witness to examine the bill, annexed as an exhibit, "and state whether or not said paper was ever presented to Hill, Fontaine & Co. for payment or

[Manning v. Maroney.]

acceptance; and if it was, give the time, place, and by whom?" The witness answered, that the bill was sent to them in a letter by J. G. Winston, plaintiff's attorney, "for remittance, and was returned to him by us, by letter of November 18th, 1886, *as Hill, Fontaine & Co. had been instructed, by letter from William Manning, not to pay the same.*" The defendant objected to the italicized words, and moved to exclude them as evidence, "because they were not responsive to the interrogatory, and were in relation to the contents of a written instrument, the loss of which was not accounted for." The court overruled the objections, and the defendant excepted. The plaintiff introduced Thos. J. Cochran as a witness, who was a member of the firm of Jordan, Manning & Co., and who testified, that he wrote a letter to Hill, Fontaine & Co., at the instance of the defendant, instructing them not to pay said bill; but he did not recollect whether he signed the defendant's name to the letter, or whether the defendant himself signed it. The defendant himself, being called as a witness by plaintiff, admitted that he had instructed Cochran to write a letter to Hill, Fontaine & Co., telling them not to pay the bill; but he objected to the admission of this evidence, because the letter was not produced, nor its absence accounted for; and he excepted to the overruling of his objections.

The defendant offered in evidence, under the plea of set-off, an account for $13.84, in favor of Jordan, Manning & Co., against said LaFayette Maroney, the payee of the bill, due November 13th, 1886; and a note for $85.60, executed by said L. Maroney to said firm, dated December 28th, 1885, and due one day after date. The defendant proved that these claims were unpaid, and said T. J. Cochran testified in his behalf, that defendant was a member of said firm at that time, "and had the permission and consent of all the members of said firm to use said note and account as a set-off against this action." The plaintiff himself, while testifying, stated: "Before I bought said bill of exchange from my brother, I knew that he was indebted to said Jordan, Manning & Co., and had been to see them twice about his indebtedness." On this evidence, the court instructed the jury, "that unless the defendant held and owned said note and account prior to the indorsement of said bill of exchange to the plaintiff, and the plaintiff knew, at or before the transfer and indorsement of said bill to him, of said indebtedness by LaFayette Maroney to Jordan, Manning & Co., and that the

[Manning v. Maroney.]

defendant owned the same,—then the defendant was not entitled to claim the same as a set-off in this action." The defendant excepted to this charge, and he here assigns it as error, with the refusal of several charges asked by him, which it is unnecessary to set out, and the other rulings above stated.

LUSK & BELL, for appellant.

JNO. G. WINSTON, JR., and WATTS & SON, *contra.*

SOMERVILLE, J.—1. The defense set up in the second plea—viz., a failure to present the bill sued on, and to give due notice of dishonor—was equally available under the plea of the general issue, and the record shows that the defendant had the full benefit of it on the trial of the cause. Sustaining the plaintiff's demurrer to this plea is, for this reason, error without injury, if error at all.—*Phœnix Ins. Co. v. Moog,* 78 Ala. 284.

2. The objection interposed to the admission in evidence of the bill of exchange described in the complaint, was not well taken. The instrument was averred to be the property of the plaintiff, transferred to him by the indorsement of the payee; and there was no sworn plea, denying the fact of ownership. The validity of such transfer could not, therefore, be raised under the plea of the general issue.—Code, 1886, §§ 2676, 2770; Rule of Practice, No. 29, p. 810, Code (1886); *Agee v. Medlock,* 25 Ala. 281. The averment that the bill was indorsed to plaintiff by the payee is tantamount to an averment of the personal identity of the indorsee, *F. M.* Maroney, and the plaintiff *Frank* M. Maroney.

3. There was nothing in the objection, that the paper was mutilated, because of the memorandum indorsed on it by the commissioner for the purpose of identification, when it was attached as an exhibit to the deposition of the witness Fontaine; nor in the suggestion that preliminary evidence of demand, protest, and notice of dishonor, or waiver of them, should first have been offered, before offering the paper. This was mere matter of defense, not necessary to be negatived by anticipation on plaintiff's part before introducing the paper. The execution of the paper by the drawee, moreover, was sufficiently proved, and it was admissible under the other counts of the complaint.

4. The contents of the letter, written by order of the de-

fendant, Manning, to the drawees of the bill, Hill, Fontaine & Co., *instructing them not to pay the bill*, was properly admitted in evidence. We discover nothing in the record introduced on this point not entirely relevant. The drawees resided in Memphis, Tennessee, and the letter was received by them there. Presumptively, it continued to remain out of the jurisdiction of the court, and was in Tennessee at the time of the trial. If the contrary was true, it should have been proved by the defendant. Where a paper is beyond the jurisdiction, its contents can be proved by secondary evidence without proving its loss or destruction.—*Young v. East Ala. Railway Co.*, 80 Ala. 100; *Elliott v. Dyche, Ib.* 376; *Gordon v. Tweedy*, 74 Ala. 232.

5–6. It is objected that the statement as to the contents of the letter, which was disclosed by the witness Fontaine in his deposition, was not responsive to the third interrogatory, under which it was introduced. The inquiry made by this interrogatory was, whether the bill in suit had ever been "presented" to the drawees "for payment or acceptance." The answer shows both a presentation, and *excuse* for non-payment—viz., a specific instruction of the drawer *not to pay*. The rule is settled as one of pleading and evidence, and was long ago announced in this State, that facts which excuse demand and notice will, in law, be deemed *proof* of such demand and notice. Allegation of these facts may, therefore, be proved by any fact showing a waiver of them, demand and notice, and waiver of them, being in law equivalent of each other.—*Kennon v. McRea*, 7 Port. 175; *Shirley v. Fellows*, 9 Port. 300; *Spann v. Baltzell*, 46 Amer. Dec. 346; *Hibbard v. Russell*, 41 *Ib.* 733. The answer of the witness, in this view of the law, was responsive, and as such admissible, because the answer showed a good excuse for failure to give *notice of dishonor* to the defendant as drawer. "If the drawer of a bill or draft countermands payment, he thereby dispenses with presentment and notice of dishonor to himself. So, if he informs the payee that he has withdrawn the funds against which the bill is drawn." 3 Randolph on Com. Paper, § 1385; 2 Daniel Neg. Instr., §§ 1105, 1147; Byles on Bills, 286, 298; *Jacks v. Darwin*, 3 E. D. Smith, 558.

This instruction not to pay, by which the drawer brought dishonor on his own paper, was equally a good excuse for failure to *protest* the bill; the rule being that, generally, whatever will in law excuse, or amount to a waiver of notice

[Manning v. Maroney.]

of dishonor, will equally excuse protest.—3 Rand. Com. Paper, §§ 1148, 1161, In such cases, the drawer, being the real debtor, and having knowledge of the fact in advance that payment will be refused by the drawee, by reason of his countermand, can suffer no injury from the alleged negligence of the holder.—*Campbell v. Webster*, 2 C. B. 258.

7–8. The instructions of the court as to the set-off were correct. The bill was commercial paper, and being negotiated for value before maturity, was not subject to set-off or recoupment, by the express provisions of the statute. Code, 1886, § 2684; *Bank v. Poelnitz,* 61 Ala. 147. In any event, unless the defendant, Manning, was the owner of the cross demands, prior to the indorsement of the bill of exchange to the plaintiff, and this fact was known to the plaintiff before he acquired title to the bill, the set-off would not be available in an action on the bill, as in the present suit. The note and account claimed by the defendant as a set-off, were the property of Jordan, Manning & Co., a partnership of which defendant was a member. They were due by La-Fayette Maroney, the payee and indorser of the bill, not by the defendant. As against such payee, they were not a legal set-off at the time of the indorsement, for want of mutuality.—*Cannon v. Lindsey*, 85 Ala. 198, and cases there cited. And admitting that a partnership demand against the plaintiff in an action may, by consent of all the partners, be set off against a demand by the plaintiff against an individual partner, that principle can have no application here, because it does not appear that there was any consent of the partners to such use of their claim before the assignment of it to defendant, and that the plaintiff knew of such consent, even if that would avail. The consent given at the trial can not relate back to the date of the assignment, so as to make the set-off good against the assignor; and unless it was good against him, it can not be so against the defendant, not being his debt, and the paper sued on being governed by the commercial law.—*Jones v. Blair*, 57 Ala. 457; Code, §§ 2684, 1765; *McKenzie v. Hunt*, 32 Ala. 494.

The charge given by the court recognized these principles, while the instructions refused, on request of the defendant, either ignored, or were in direct conflict with them.

The rulings of the court are free from error, and the judgment is affirmed.