# CHARLESTON.

COLBY *v.* PARKERSBURG INSURANCE CO.

Submitted January 26, 1893.—Decided April 1, 1893.

1. INSURANCE—MORTGAGE.

A policy of fire insurance insures A. in a given sum, part of it on one property, part on another, loss payable to B. "mortgagee, as his interest may appear." B.'s mortgage covers only one of the properties insured. B. may sue on the policy in his own

name and recover total loss on both properties not exceeding his debt, notwithstanding his mortgage covers only one of the properties insured.

Merrick & Smith for plaintiff in error:

I.—*A general creditor has no insurable interest in his debtor's property.*—1 Wood. Ins. § 300; 5 Hun 343; 49 Conn. 167; 11 Am. & Eng. Ency. L. 317.

II.—*An Insurance Company can not insure the payment of a debt.*—9 Allen 123; 5 Hun 321; 16 Hun 116; 55 N. Y. 343.

III.—*Insured must have an insurable interest in the property.*— 1 Wood Ins. §§ 265, 266; 94 U. S. 460, 457; 62 N. Y. 54; 98 U. S. 538; 93 U. S. 543; 11 Am. & Eng. Ency. L. 312, notes 4, 5, 6; 20 Am. Dec. 515, 516.

IV.—*A mortgagee insuring independently of the mortgageor can recover only to the extent of his interest, of which the debt secured is the measure.*—54 Am. Dec. 695, Part No. 3 of note; May Ins. § 424; 16 Pet. 495; 55 N. Y. 343; 21 U. C. C. 293; 2 Dutch, 541.

V.—*If a mortgageor insures for himself, the mortgagee has no claim to the proceeds.*—May Ins. § 449; Aug. Ins. § 60; Phill. Ins. §§ 296, 1962; 10 Pet. 512; 57 Ia. 30; 124 Mass. 61; 11 Ins. L. J. 677; 8 Paige, 437; 24 Am. Rep. 433; 20 Ohio, 185; 5 R. I. 491

VI.—*Plaintiff in this case can only recover so far as he shows an insurable interest as mortgagee in the property insured.*— May Ins. §§ 449, 447a; 1 Wood, Ins. § 119; 3 Bosw. 516; 50 Wis. 240; 91 N. Y. 192; 50 Am. Dec. 591; 2 Mo. App. 311; 65 N. Y. 6; 11 Fed. Rep. 29; 48 Mich. 148; 37 Mich. 609.

VII.— *Where policy covers other property than that mortgaged, no action can be maintained on the policy in name of mortgagee.*—48 Mich. 148; 37 Mich. 608.

VIII.—*Proofs must be filed in thirty days or no recovery.*—25 W. Va. 667-8; 2 Wood, Ins. § 436.

IX.—*No waiver of defence by adjustment as there was no agreement to pay.*—2 Wood, Ins. §§ 450, 482; 10 W. Va. 563.

X.—*No waiver of proofs.*—2 Wood, Ins. 943; 6 W. Va. 432; 64 N. Y. 152; 30 N. Y. 136.

XI.— *When proofs not in time, not necessary to object to them.*— 2 Wood, Ins. 948; 11 Mo. 278; 64 N. Y. 136.

VAN WINKLE & AMBLER for defendant in error :

I.— *Verdict approved by trial*—*Judgment must stand unless manifestly against right and justice.*—16 W. Va. 308.

II.—*The adjustment of loss with plaintiff entitled him to judgment.*—10 W. Va. 546.

III.—*Adjustment with several companies and settlement by assured on that basis estops each company to deny its debt.*— Big. Estop. 632 ; 54 Cal. 422.

.IV.—*Machinery in manufactories part of the realty.*—16 W. Va. 428; 15 S. E. Rep, 408.

V.—*Presumption that the assured had an interest in the property.*—21 W. Va. 368.

VI.—*Assignment of policy.*—Fland, Ins. 441 ; May Ins. § 378; Id. 449 ; Wood Ins. § 364; Id. 366 ; Id. 473; 1 Bar. L. Pr. 238; Dra. Att. §§ 609, 614 ; 86 Am. Dec. 351 ; 88 Am. Dec. 174 ; 95 Am. Dec. 790 ; 32 W. Va. 283 ; Code, c. 99, s. 14; 3 Rob. Pr. 3.

VII.—*Plaintiff's interest was in the policy.*—16 Pet. 496 ; Wood Ins. § 473.

VIII.—*The word "Mortgage," merely descriptive.*—7 Leigh, 604.

IX.—*Policy payable to a third party.*—5 Wall. 509; Wood Ins. §§ 370, 514. 362 ; Code. c. 71, s. 2.

X.—*Adjustment, effect of and parties to.*—Wood Ins. § 482 ; Id. 450 ; 10 W. Va. 546 ; Eng. & Am. Enc. L. 1050; 10 W. Va. 583; Id. 572 ; Id. 560.

BRANNON, JUDGE:

In an action by Colby against the Parkersburg Insurance Company Colby recovered judgment, and the company sued out this writ of error. The policy of insurance on which the action was brought insured in the sum of one thousand dollars Law, Hatch & Co. against loss by fire— three hundred and thirty three dollars and thirty three cents upon an engine, boiler, machinery, and tools in a building occupied for the manufacture of furniture ; and six hundred and sixty six dollars and sixty six cents on stock manufactured, materials and supplies, raw, wrought and in process in said building. The policy, while in the name of and insuring Law, Hatch & Co., the owners of the

property insured, contained the clause that the insurance-money should be "payable in case of loss to W. M. Colby, mortgagee, as his interest may appear." This clause furnishes the ground of contention in the case.

Colby held a mortgage for eight thousand dollars, given by Law, Hatch & Co. upon the land and buildings and fixtures thereon. It plainly did not cover the personal property in the way of stock and material on hand, though I think, it did cover the engine, boiler and machinery, because they being used in the building in manufacturing would be fixtures and part of the realty, and also because fixtures are named in the mortgage. McFadden v. Crawford, 36 W. Va. 671 (15 S. E. Rep. 408). In the adjustment of the loss by fire one hundred and sixty seven dollars and twelve cents was set down for loss on the machinery, and five hundred and forty nine dollars for loss on stock, material, etc., and Colby recovered for the total of both sums.

The company contends that he can not recover anything, or at most can recover only for the loss on machinery, and nothing for the loss on the stock and materials, because they are personal property, not covered by the mortgage, and thus Colby had no interest in that part of the property insured—suffered no loss as to it; that a party to recover, must have an interest—an insurable interest—in the thing insured, otherwise the policy is void. That a party insuring property against fire must have an insurable interest in the property at the time of the issue of the policy and also at the time of the loss, such as would bring damage to him in case of its injury or destruction by fire, is settled law of insurance. Sheppard v. Insurance Co., 21 W. Va. 368.

In this case the parties taking out the policy—Law, Hatch & Co.—comply with this requirement, since they owned all the property insured. But it is said that is not enough ; that Colby, too, must have an insurable interest in the thing insured. That may not be so clear. Law, Hatch & Co. might under most of the cases have had the policy direct payment to Colby, though he had no interest by mortgage or otherwise, and he could have sued upon it —a fact proving that it was unnecessary for him to have such

interest merely in order to be named as payee, though, were he taking a policy himself as mortgagee, his mortgage must cover the property insured.

But though to be named in the policy as payee, he need not have an interest in the property, yet that does not solve the question in this cause, because the policy does not merely direct payment in case of loss to Colby, but also annexes the words, " mortgagee, as his interest may appear," not even simply saying " as his interest may appear," but as his interest may appear as mortgagee.

What do those words making it payable to Colby, " mortgagee, as his interest may appear," mean? Do they mean that if Colby be a general creditor of Law, Hatch & Co., irrespective of and outside the mortgage (and he was) such an interest would entitle him to payment? I think not, because there is the word " mortgagee," telling us that he must have an interest in the character of mortgagee. That being so, are we not compelled to then inquire what are his rights as a mortgagee? What property covered by his mortgage has been injured, entailing loss on him? I incline to think so. When we do so inquire, we find his mortgage covers only a portion of the property insured. The fire has not injured him as to other property, because he had no kind of interest in it. The policy itself demands, as a requisite of payment to him, that at the date of loss he show an interest. An interest in what? Why, in the property insured.

The view that the interest is interest in the property insured is sustained by the case of *Pitney* v. *Insurance Co.*, 65 N. Y. 6, holding that a policy requiring loss to be paid to a mortgage " as his interest may appear " imports ownership in the property insured. The parties, in issuing and receiving the policy, knew that in the event of loss so much would be assessed for machinery, so much on stock, and the mortgagee would get that part assessed for loss sustained by him as mortgagee in the loss of the property included in his mortgage.

In a Michigan case involving a policy like this, issued to Headly, insuring different properties in different sums, payable, in event of loss, "to the executors of the estate of Ira

Davenport, as mortgagees, as their interest may appear," and a mortgage covered only a part of the property, it was held that the executors could not sue, their interest being only on a part of the property ; and as the insured, Headly, had some interest, a single insurance policy could not be split up into different actions. *Insurance Co.* v. *Davenport*, 37 Mich. 609, followed in *Thatch* v. *Insurance Co.*, 11 Fed. Rep. 29. So loss payable "to J. F. to the extent of his mortgage interest," held not an assignment, and J. F. could not sue, though loss did not exceed his mortgage. *Insurance Co.* v. *Felrath*, 77 Ala. 194. No pointedly adverse decisions are cited.

It is difficult for me to see how in such case as this, Colby having a mortgage on only part of the property, can yet recover for the loss of all. It would at the same time seem not entirely clear that the Michigan decision, wholly excluding him from suit, is tenable. That Court says that in such a policy the interests of Law, Hatch & Co. and Colby are several, not joint. If so, each could sue, because, where an instrument confers upon two persons several or separate rights, each may sue, just as, where it imposes on two persons separate obligations, each may be sued. 3 Rob. Pr. (New) 91 ; 1 Pars. Cont. 13. This view, which would allow each to sue and recover his share, is not without force.

Another view entertained by the majority of the Court, as nearly as I can express it, is that the words, "as his interest may appear," do not refer to Colby's interest in the property, but to the amount of his mortgage-debt; if at the loss his debt had been paid, he would have no interest; if still unpaid, he would get all the compensation for all the loss not exceeding, however, his debt; that it makes no difference that the property covered by the mortgage and loss is only a part of the total loss and not adequate to pay the debt, the whole loss from all the property shall go on the debt; it was the debt under the mortgage designed to be secured; that Law, Hatch & Co. took the policy as in itself additional security for the mortgage-debt, with the consent of the company ; and the majority cite the case of *Miller* v. *Insurance Co.*, 12 W. Va. 116, holding that in the interpreta-

tion of a policy of insurance it ought to be liberally construed, and read most strongly against the company, so as to make good the indemnity to the party losing, as such was the object of the parties in the issue of the policy.

The plaintiff also contends that he is entitled to recover as assignee of the whole loss. This position is not very clearly stated. The theory is based, in addition to the said clause in the policy above discussed, upon the intention of the parties as manifested by their acts. The policy was in Colby's possession at the date of the fire, indicating an equitable assignment. Now, as I view it, this has no force. The deposit of the policy with Colby was before the loss. It is equivocal in effect. It may be explained, not on the theory of assignment of the whole right under it, or intention to assign, but because Colby had a partial interest under it, and would have as much right to its custody as Law, Hatch & Co., and reasonably would be found in possession of it. And to strengthen this view Colby and Hatch were examined, and they make no claim that any assignment was agreed upon or made. Hatch says Colby is entitled to the money, but does not say how. This is his opinion only, and his desire, but does not fix the legal right. As I have said, the deposit of the policy was before loss. It could not be an assignment without consent of the company. If it was it avoided the policy under its conditions.

It is claimed that an adjustment of the loss by this company, along with numerous others insuring the property, entitles the plaintiff to recover. I think there was an adjustment; but a mere adjustment, unless accepted by the company with a promise of payment according to it, will not estop the insurer from denying his liability. It is a mere step to ascertain and fix the amount of the loss. There was no promise of payment. It is said Colby was present at the adjustment. So was Hatch. That does not show any estoppel to deny liability; any promise to pay, or to whom payment was to be made. All that then took place was the fixing the amount. The adjustment does not fix the liability in and of itself, without promise of payment. *Levy v. Insurance Co.*, 10 W. Va. 563; 2 Wood, Ins. §§ 450, 482. But that adjustment, if it even fixed liability on the com-

pany (which it does not do) does not settle the vexed question we have under consideration; that is, which is entitled to sue, Colby or Law, Hatch & Co., or whether Colby can sue at all, or still more, whether all or only a part of the loss goes to Colby. It is made out in the name of Law, Hatch & Co., not Colby, and is silent as to Colby; and therefore, so far as this argues, is against Colby's right, though I attribute no importance to it on this question either way.

It is claimed by the defence that there was no binding proof of loss. The proof was not objected to by the company, and moreover the adjustment waived that. *Levy* v. *Insurance Co.*, 10 W. Va. 560. It is also claimed by the defence that Colby had no right, because his mortgage-debt has been paid. This is based on a memorandum appearing at the foot of the mortgage uncertified and unproven signed by Colby, stating that it had been paid. The copy of the mortgage is proven as a true copy, but not this memorandum. It is not evidence. Besides, Hatch, one of the mortgageors, and Colby, both give evidence that it remained unpaid. My own opinion is, that as a matter of law the plaintiff, if he can recover, can recover only the sum assessed for loss to the property covered by the mortgage; but I must admit that the decision of the majority attains justice, especially as Hatch, of the firm of Law, Hatch & Co., declares on oath that Colby is entitled to it, thus giving his consent. We can not shut our eyes to the fact, that the company did insure the property, and that a loss took place fully up to the amount found by the adjusters, and that no dispute of loss or amount appears in the case, and the company is only compelled to do by this judgment what it stipulated to do.

The judgment is affirmed.

AFFIRMED.