# Brunson & Co. *v.* McLendon & Co.

*Action for Purchase Price of Goods Sold.*

1. *Application of payments.*—Where a partnership sells out its effects, and is dissolved, one member retiring, and the remaining members forming a new partnership, which agrees to assume the liabilities and collect the debts of the late firm, the payment to such succeeding partnership, in its own due-bill, by a debtor of the original partnership, can not be applied in settlement, *pro tanto*, of such indebtedness to the original partnership so as to defeat its right to recover the purchase price from the vendees of said partnership effects.

APPEAL from Crenshaw Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

The opinion contains a full statement of the facts in the case, and the proceedings had in the trial court.

W. D. ROBERTS, for appellants. (No brief.)

A. W. RUSHTON, for appellees, cited *Cannon v. Lindsay*, 85 Ala. 198; *Rogers v. Batcheler*, 12 Pet. 221; Parsons on Partnership (2d ed.), pp. 113 (note) and 430; *Halstead v. Shepard*, 23 Ala. 558; *Pierce v. Pass & Co.*, 1 Port. 232; *Burwell v. Springfield*, 15 Ala. 273; *Nall v. McIntyre*, 31 Ala. 532; *Dabb v. Halsey*, 16 John Rep. 34; *Gram v. Caldwell*, 5 Cow. 489; *Fancher Bros. v. Bibb Furnace Co.*, 80 Ala. 481; *Watts v. Sayre*, 76 Ala. 397; *Clark v. Taylor*, 68 Ala. 453; *Wyatt v. Stewart*, 34 Ala. 716.

McCLELLAN, J.—J. C. McLendon & Co. sold their stock of goods to William Brunson & Co. on time, for $3,000 with interest, and dissolved, J. C. McLendon retiring from the firm under an agreement that Curtis & Wright, the other partners, should assume all liabilities of J. C. McLendon & Co., and that all debts owing to the partnership should be paid to Curtis & Wright. This action is prosecuted by J. C. McLendon & Co. against Brunson & Co. for a balance of the purchase price of the goods. Under a plea of payment, the following facts were developed: Curtis & Wright before suit brought made a final settlement with Brunson & Co., which was intended and agreed between the parties to it to cover and be in satisfaction of the claim of McLendon &

Co. against defendants for balance on sale of goods. At the time of this settlement the defendants owed Curtis & Wright two hundred dollars. They, defendants, held a due-bill of Curtis, Wright and Payne for between two and three hundred dollars. Curtis and Wright accepted this due-bill in payment *pro tanto* of defendant's gross indebtedness to them and to the firm of McLendon & Co., and defendants paid the balance to Curtis & Wright in money. It was also shown that by the contract of dissolution of the copartnership of J. C. McLendon & Co. it was stipulated that "all debts due to said partnership are to be paid to Curtis & Wright, and all demands on said partnership are to be paid by said Curtis & Wright who assumed all liabilities of the late firm of J. C. McLendon & Co." Further than this it does not appear that McLendon ever assented to the settlement made between Curtis & Wright and the defendants.

On this state of case, the court, among other things, charged the jury that "if Curtis & Wright received said due bill on Curtis, Wright & Payne in settlement of said amounts due from the defendants, then the plaintiffs would not be estopped from recovering in this action by reason of such settlement with such due bill ;" and refused to instruct them at the request of defendants that "if the jury believe from the evidence that at the time the defendants used the due bill on Curtis, Wright & Payne, that the defendants were indebted to Curtis & Wright in the sum of about two hundred dollars, and the settlement was made both as to the indebtedness to J. C. McLendon & Co. and to Curtis & Wright, at the same time, and the balance was paid to Curtis & Wright in money, then the law would presume that the due bill was applied to the debt due Curtis & Wright so far as to the amount of their debt." Exceptions were reserved to the action of the court in each of these particulars, and upon them arises the only question presented by this appeal.

That Curtis & Wright, though there had been a dissolution of the firm of McLendon & Co., had no authority to receive in payment of a debt due that partnership the satisfaction of a debt which they owed the partnership debtor is too well settled to require discussion.— *Cannon v. Lindsey,* 85 Ala. 198, and authorities there cited ; *Manning v. Maroney,* 87 Ala. 563. Nor do we conceive that the particular stipulations of the agreement of dissolution, or the fact that the due bill received by Curtis & Wright, bears also the name of Payne, could prevent the application of this principle in the premises. Curtis & Wright were not authorized by the stipulations referred to to devote the assets of the

[Louisville and Nashville R R. Co. v. Binion.]

partnership of McLendon & Co. to the payment of a debt due by them and Payne to the defendants; and the transaction was not payment to McLendon & Co.  There was, therefore, no error in the charge given by the court in this connection. Curtis & Wright, upon the other hand, did have the right, of course, to accept the due bill of Curtis, Wright & Payne in payment of the two hundred dollars which defendants owed—not McLendon & Co. but—themselves, Curtis & Wright.  Having the right to do this and no right to apply the due bill to the debt of McLendon & Co., the presumption of law is, nothing appearing to the contrary, that they did what they had a right to do, and applied the due bill to the extent of their separate liability to the payment of that liability—the debt they, Curtis & Wright, owed defendants, and, of consequence that the money paid by Brunson & Co. on the settlement, was applied to, and went as a payment *pro tanto* upon their liability to McLendon & Co.  We understand the instruction requested by the defendants to assert this proposition.  It should have been given.  For the error in refusing it, the judgment must be reversed.  The cause is remanded.

Reversed and remanded.